Virgil H. and Mary Boone v. Commissioner. Virgil H. and Mary Boone v. Commissioner. Mary Boone v. Commissioner. Virgil H. Boone v. Commissioner.
Virgil H. & Boone v. Commissioner
Docket Nos. 14211, 18100, 18110, 18111.
United States Tax Court
1949 Tax Ct. Memo LEXIS 281; 8 T.C.M. (CCH) 135; T.C.M. (RIA) 49039; January 31, 1949
*281 Amount of contributions and other deductions determined. Preston D. Orem, Esq., for the petitioners. R. E. Maiden, Jr., Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings which have been consolidated for hearing and disposition involve deficiencies in income and victory tax and five per cent negligence penalties in the following amounts for the years 1943, 1944, and 1945: Year
Petitioner
Income and Victory Tax
Penalty
1943
Virgil & Mary Boone
$323.02
$16.15
1944
Mary Boone
255.77 (Income tax only)
12.79
Virgil H. Boone
245.77 (Income tax only)
12.29
1945
Virgil H. & Mary Boone
825.78 (Income tax only)
41.29
The question presented in each of the proceedings is the amount of the allowable deductions for contributions, interest, taxes, losses, and expenses in computing petitioners' income tax liabilities for the taxable years in question. Findings of Fact The petitioners were during the taxable years here involved residents of California, and were living together as husband and wife. They filed joint returns for the years 1943 and 1945, and separate returns for the year *282 1944 on the community property basis. Each of the returns was filed with the collector for the Sixth California District. On their returns for the years 1943 and 1945, petitioners reported gross income of $4,093.81 and $4,124.57, respectively. The aggregate of the gross income reported on the separate returns for 1944 was $6,653.90. In each of the returns for the taxable years the petitioners claimed various deductions falling under the characterization of "contributions", "interest", "taxes", "losses", and "deductible expenses". The respondent disallowed all deductions. For the taxable year 1943 petitioners are entitled to the following deductions: Contributions - religious and charitable
$110.00
Interest on mortgage
39.00
Taxes - real and personal property, sales
tax, etc.
99.04
Losses - stolen watch
$ 25.00
Expenses -
Union fees and dues
60.04
Unemployment insurance
39.75
Special work clothes, cleaning, misc.,
etc.
247.00
For the taxable year 1944 petitioners are entitled to the following deductions: Contributions
$125.00
Taxes - real estate, sales tax, etc.
98.75
Expenses -
Union dues
52.00
Unemployment insurance
57.00
Special work clothes, cleaning, misc.,
etc.
255.00
Fee for making out return
15.00
*283 For the taxable year 1945 petitioners are entitled to the following deductions: Contributions
$110.00
Taxes - sales tax and licenses, etc.
38.40
Expenses -
Union dues
45.84
Unemployment insurance
22.95
Special work clothes, cleaning, misc.,
etc.
120.00
In 1944 and 1945 petitioners paid doctors' bills and for medicine the following amounts: 1944
$204.50
1945
500.00 No part of these expenditures was compensated for by insurance or otherwise. The deficiency in each of the proceedings is due to negligence in the preparation and in the filing of the several returns. The imposition of the five per cent negligence penalty, as determined by the respondent, is sustained for all years. Opinion ARUNDELL, Judge: These proceedings find their way to this Court as a result of the petitioners' accepting bad advice and in refusing to cooperate with the administrative offices of the Bureau of Internal Revenue in the settlement of their cases. We have, therefore, been called upon to settle a matter which could have been disposed of more satisfactorily in the administrative channels. It may be stated that petitioners' present counsel of record had *284 no part in creating this unsatisfactory situation. The findings which we have made have been arrived at as best we could with a completely unsatisfactory record and one in which many of the deductions were entirely uncorroborated. With reference to many of the items, particularly those involving contributions and business expenses, we have had only the unsatisfactory memory of the petitioners, and it has therefore been necessary to adopt the rule established in the case of Cohan v. Commissioner, 39 Fed. (2d) 540 of bearing most heavily against the taxpayers for their failure to keep records and offer corroboration of their contributions and other expenditures. The testimony with reference to certain payments of taxes, union fees, and unemployment insurance was given with more exactness and we were able to find the amounts of these deductions more satisfactorily. Medical expenses are allowable as a deduction to the extent that such expenses exceed five per cent of the adjusted gross income. Section 23(x) of the Internal Revenue Code. Appropriate adjustments will therefore be made to determine what part of the medical expenditures set forth in our *285 findings will be allowed as a deduction. Decision will be entered under Rule 50.